1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Robert L. Sallander, Esq., (SBN 118352)
   rsallander@gpsllp.com
Helen H. Chen, Esq., (SBN 213150)
   hchen@gpsllp.com
GREENAN, PEFFER, SALLANDER & LALLY LLP
2000 Crow Canyon Place, Suite 380
San Ramon, California 94583
Telephone:  (925) 866-1000
Facsimile:  (925) 830-8787

Attorneys for Defendant(s)
THOMSON INTERNATIONAL, INC.

Eric Gruber (CA #262602)
GRUBER LAW GROUP
770 L. St. Ste. 950
Sacramento, CA 95814
Telephone: (415) 868-5297
Facsimile: (415) 325-5905
eric@gruberlawgroup.com

Raymond Konz (MN #391236 admitted pro hac vice)
David Coyle (MN #396431 admitted pro hac vice)
PRITZKER HAGEMAN, P.A.
45 South Seventh Street, Suite 2950
Minneapolis, MN 55402
Telephone: 612-338-0202
Facsimile: 612-338-0104
raymond@pritzkerlaw.com
dcoyle@pritzkerlaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEIGH ANGELO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THOMSON INTERNATIONAL INCORPORATED, et al.,<br><br>Defendants. | Case No.  1:21-cv-01609-JLT-BAK (SKO)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>(Doc. 29)<br><br>Judge: Sheila K. Oberto<br>(Temporary) U.S. MAGISTRATE JUDGE<br><br>Date Action Filed:  November 4, 2021<br>Jury Trial:  May 23, 2023 |

IT IS HEREBY STIPULATED AND AGREED by and between the Parties executing this

stipulation, by and through their respective counsel of record, that in order to facilitate the

exchange of information and documents which may be subject to confidentiality limitations on

Greenan,
Peffer,
Sallander &
Lally LLP

disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows pursuant to Local Rule 141.1(c), and related statutes and case law:

1. **DESCRIPTION OF TYPES OF INFORMATION ELIGIBLE FOR PROTECTION**: The types of information eligible for protection under this stipulation and order are any document, testimony, or information that contains confidential, personal, business, financial, trade secret, or other proprietary or competitively-sensitive information that if used for purposes other than this litigation could cause harm or undue prejudice to any person or entity, such as customer list, standard operating procedures, food safety policies and plans, Hazard Analysis Critical Control Point, lab tests, lab reports, audit reports, safety and sanitation certificates, invoices, bills of lading, purchase orders, sales orders, sales and distribution information, and production records, employment records, work logs, organization charts, board meeting minutes and training documents, insurance policies, communications and investigations regarding recall of Thomson products in 2020.

2. **PARTICULARIZED NEED FOR PROTECTION OF EACH CATEGORY OF INFORMATION PROPOSED TO BE COVERED BY THE ORDER**:

2.a. Customer list is trade secret, and confidential business and financial information.

2.b. Standard operating procedures, food safety policies and plans, Hazard Analysis Critical Control Point are confidential business information.

2.c. Lab tests, lab reports, audit reports, safety and sanitation certificates are confidential business information.

2.d. Invoices, bills of lading, purchase orders, sales orders, sales and distribution information, and production records are confidential business and financial information.

2.e. Employment records, work logs, organization charts, board meeting minutes and training documents are confidential personal and business information.

2.f. Insurance policies are confidential business information.

2.g. Communications and investigations regarding recall of Thomson products in 2020 are confidential business and financial information.

3. **NECESSITY FOR A COURT ORDER**: Private agreement between the parties

1   is insufficient to enforce the protection of the above-mentioned documents.  The protection of the

2   above-mentioned documents can only be addressed by a court order.

3       4.      **SCOPE**: This Order governs the handling of all documents, testimony and

4   information produced, given or filed herein by any party and designated as "CONFIDENTIAL."

5   A party designating such documents, testimony or information as "CONFIDENTIAL" is herein

6   referred to as a DESIGNATING PARTY. This Order applies to any documents previously

7   produced to the parties or counsel.

8       5.      **CONFIDENTIAL INFORMATION**: CONFIDENTIAL INFORMATION refers

9   to information (regardless of how it is generated, stored or maintained) or tangible things that

10  qualify for protection under Federal Rule of Civil Procedure 26(c) and as described in Section 1.

11  A DESIGNATING PARTY may designate as "CONFIDENTIAL" any document, testimony, or

12  information the DESIGNATING PARTY believes in good faith to contain confidential, personal,

13  business, financial, trade secret, or other proprietary information, by conspicuously writing, typing,

14  or stamping on the face of such document, answer or transcript the word "CONFIDENTIAL" or

15  by otherwise notifying all counsel in writing, and, in the case of deposition transcripts and exhibits,

16  also the court reporter. Any documents, testimony, or information designated as

17  "CONFIDENTIAL" by a DESIGNATING PARTY is herein referred to as CONFIDENTIAL

18  INFORMATION.

19      6.      **CHALLENGES**:

20      6.1    Should any party object to the designation of a document, testimony or information

21  as "CONFIDENTIAL," such party may apply to the Court, after giving the DESIGNATING

22  PARTY reasonable notice thereof and making good faith efforts to resolve the dispute informally,

23  for a ruling that the CONFIDENTIAL INFORMATION shall not be so treated. Until this Court

24  enters an Order, if any, changing the designation of the CONFIDENTIAL INFORMATION, such

25  CONFIDENTIAL INFORMATION shall be treated by all parties in accordance with this Order.

26      6.2    Except upon further Order of this Court, CONFIDENTIAL INFORMATION shall

27  be disclosed only to the Court, counsel of record for the parties, including in-house counsel and

28  co-counsel retained for this litigation (and their administrative staffs on a "need to know" basis),

Greenan,
Peffer,
Sallander &
Lally LLP

STIPULATED PROTECTIVE ORDER                    Case No.  1:21-cv-01609-JLT-BAK (SKO)

individual parties, class representatives, any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation, and consulting or testifying experts retained by the parties retained for the prosecution or defense of this litigation, any authors or recipients of the CONFIDENTIAL INFORMATION, the Court, Court personnel, and court reporters, and witnesses (the "PERMITTED RECIPIENTS"). No person receiving CONFIDENTIAL INFORMATION shall disclose them or their contents to any person other than the PERMITTED RECIPIENTS.

6.3     Consultants or expert witnesses retained for the prosecution or defense of this litigation shall execute a copy of the Certification annexed to this Order as Exhibit "A" before being shown or given any CONFIDENTIAL INFORMATION.

6.4     Witnesses (other than any authors or recipients of the CONFIDENTIAL INFORMATION) shall sign the Certification before being shown a confidential document.

7.     **USE**:

7.1     All CONFIDENTIAL INFORMATION shall be used solely for the preparation for and use at the trial of this action and shall not be used or disclosed by any receiving person for any other purpose, including any commercial or business purpose.

7.2     Counsel of record in this litigation receiving CONFIDENTIAL INFORMATION shall be allowed to disclose them or their contents to any other person only upon order of the Court or upon receipt of written permission from opposing counsel granting such disclosure.

7.3     Counsel may permit expert(s) hired by any party in anticipation of litigation to review CONFIDENTIAL INFORMATION, but counsel must first obtain from each expert a written statement confirming the expert's agreement to comply with every element of this Protective Order. Said expert shall agree that the CONFIDENTIAL INFORMATION shall not be disclosed to any other person, said documents shall not be photocopied or reproduced by any other means, and said documents shall be destroyed after conclusion of this action.

8.     **CLAW-BACK**:

8.1     The inadvertent production by any of the undersigned Parties or non-Parties to this action of any document, testimony, or information during discovery in this action without a

"CONFIDENTIAL" designation, shall be without prejudice to any claim that such item is "CONFIDENTIAL" and such Party shall not be held to have waived any rights by such inadvertent production.

8.2     In the event that any document, testimony or information that is subject to a "CONFIDENTIAL" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (30) days of discovery of the inadvertent production, together with a further copy of the subject document, testimony or information designated as "CONFIDENTIAL" (the "INADVERTENT PRODUCTION NOTICE"). Upon receipt of such INADVERTENT PRODUCTION NOTICE, the Party that received the inadvertently produced document, testimony, or information shall promptly destroy the inadvertently produced document, testimony, or information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such document, testimony, or information to counsel for the producing Party and shall retain only the designated CONFIDENTIAL MATERIAL.

8.3     This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of documents, testimony, or information, such law shall govern.

9.     **NON-WAIVER:**

9.1     Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege, and materiality.

9.2     Notwithstanding the foregoing provision, this Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any CONFIDENTIAL INFORMATION, and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility at trial of any evidentiary material. / / /

10.   **FILING:**

10.1   If CONFIDENTIAL INFORMATION needs to be filed in this litigation, the filing party shall provide notice to the designating party five (5) business days prior to filing of their intent to file said documents. Thereafter, within five (5) business days of receiving the request, the designating party shall either 1. indicate filing party may file the documents openly or 2. file contemporaneously with filing party a Motion to Seal justifying the sealing of the documents under federal law. If designating party fails to timely respond to requests from filing party to file a Motion to Seal, filing party may openly file the documents on the record. Nothing prohibits designating party from thereafter filing a Motion to Compel seeking to remove those documents from the record and file them under seal. In the event filing party is unable to notify designating party prior to filing any CONFIDENTIAL INFORMATION because of time limitations or other justifiable reason, filing party is obligated to file a Motion to Seal in the first instance.

11.   **RETURN:** All CONFIDENTIAL INFORMATION, and all copies of CONFIDENTIAL INFORMATION, shall be returned to counsel for the DESIGNATING PARTY, or destroyed, within thirty (30) days of the conclusion of this action, whether by dismissal, settlement, or entry of judgment. All CONFIDENTIAL INFORMATION so returned shall be accompanied by an affidavit of the returning counsel attesting to the fact that no copies have been retained and that any and all copies known to them have been destroyed.

12.   **MISCELLANEOUS:**

12.1   This Order may be modified by further order of this Court or by agreement of counsel for the parties, subject to the approval of the Court, provided that any such agreement be memorialized in the form of a stipulation that shall be filed with the Clerk and made a part of the record in the case.

12.2   If any person subject to this Order who has custody of any CONFIDENTIAL INFORMATION receives a subpoena or other process from any government or other person or entity demanding production of CONFIDENTIAL INFORMATION, the recipient of the subpoena shall promptly give notice of the same by electronic mail transmission, followed by

either express mail or overnight delivery to counsel of record for the DESIGNATING PARTY, and shall furnish such counsel with a copy of the subpoena. Upon receipt of this notice, the DESIGNATING PARTY may, in its sole discretion and at its own cost, move to quash or limit the subpoena, otherwise oppose production of the CONFIDENTIAL INFORMATION, and/or seek to obtain confidential treatment of such CONFIDENTIAL INFORMATION from the subpoenaing person or entity to the fullest extent available under law. The recipient of the subpoena may not produce any CONFIDENTIAL INFORMATION pursuant to the subpoena prior to the date specified for production on the subpoena.

12.3     The Parties may designate any documents produced by third parties, whether in response to a subpoena or other request, as CONFIDENTIAL by providing written notice to the opposing Party within ten (10) business days of receipt of said documents.

12.4     This Order shall continue to be binding after the conclusion of this action and all subsequent proceedings arising from this action, except that a Party may seek the written permission of the DESIGNATING PARTY or may move the Court for relief from the provisions of this Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Order, even after the action is terminated.

12.5     After this Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any CONFIDENTIAL INFORMATION that has been produced before the Court signs this Order.

IT IS SO STIPULATED.

**GRUBER LAW GROUP**

Dated:  June 22, 2022          By: _____/S/_____
                                        Eric Gruber, Esq.
                                        770 L St., Suite 950
                                        Sacramento, CA 95814
                                        Phone: 415.868.5297
                                        Fax: 415.325.5905
                                        Attorneys for Plaintiffs

**PRITZKER HAGEMAN, P.A.**

Dated:  June 22, 2022          By: _____/S/_____
                                        Raymond Konz, Esq.
                                        David Coyle, Esq.
                                        45 South Seventh Street, Suite 2950
                                        Minneapolis, MN 55402

1

2

Telephone:  612.338.0202
Facsimile:  612.338.0104
Attorneys for Plaintiffs

3

4

**GREENAN, PEFFER, SALLANDER &**
**LALLY LLP**

5

Dated: June 22, 2022

By:_____/S/_____

6

Robert L. Sallander, Esq. SBN 118352
Helen H. Chen, Esq. SBN 213150

7

2000 Crow Canyon Place, Suite 380
P.O. Box 10

8

San Ramon, California 94583
Telephone: (925) 866-1000
Facsimile: (925) 830-8787

9

Attorneys for Defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Greenan,
Peffer,
Sallander &
Lally LLP

8

STIPULATED PROTECTIVE ORDER

Case No.  1:21-cv-01609-JLT-BAK (SKO)

1

**EXHIBIT "A"**

2

**CERTIFICATION**

3

      I hereby certify my understanding that Confidential Information is being provided to me

4

pursuant to the terms and restrictions of the Protective Order dated _____, 2022 in *Ashleigh*

5

*Angelo, et al. v. Thomson International, Incorporated*, Case No. 1:21-cv-01609-JLT-BAK.  I

6

have been given a copy of that Order and read it.  I agree to be bound by the Order.  I will not

7

reveal the Confidential Information to anyone, except as allowed by the Order.  I will maintain

8

all such Confidential Information – including copies, notes, or other transcriptions made

9

therefrom – in a secure manner to prevent unauthorized access to it.  No later than thirty (30)

10

days after the conclusion of this action, I will return the Confidential Information – including

11

copies, notes or other transcriptions made therefrom – to the counsel who provided me with the

12

Confidential Information.  I hereby consent to the jurisdiction of the United States District Court

13

for the Eastern District of California for the purpose of enforcing the Protective Order.

14

Dated: _____

15

16

                        _____
                                     Name

17

18

19

20

21

22

23

24

25

26

27

28

Greenan,
Peffer,
Sallander &
Lally LLP

STIPULATED PROTECTIVE ORDER                         Case No.  1:21-cv-01609-JLT-BAK (SKO)

1

## **ORDER**

2

3 IT IS SO ORDERED.

4 Dated:   **June 24, 2022**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER                    Case No.  1:21-cv-01609-JLT-BAK (SKO)