UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEIGH ANGELO, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>THOMSON INTERNATIONAL, INCORPORATED,<br><br>　　　　　Defendant. | Case No. 1:21-cv-01609-JLT-CDB<br><br>ORDER CONSOLIDATING ACTIONS PURSUANT TO RULE 42(a) |
| ANNTONETTE SARTORI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THOMSON INTERNATIONAL, INCORPORATED,<br><br>　　　　　Defendant. | Case No. 1:22-cv-00027-JLT-CDB<br><br>ORDER CONSOLIDATING ACTIONS PURSUANT TO RULE 42(a) |

1

| | | |
|---|---|---|
| 1 | ROBERT PAQUETTE, et al, | Case No. 1:22-cv-00034-JLT-CDB |
| 2 | Plaintiffs, | |
| 3 | v. | ORDER CONSOLIDATING ACTIONS PURSUANT TO RULE 42(a) |
| 4 | THOMSON INTERNATIONAL, INCORPORATED, | |
| 5 | | |
| 6 | Defendant. | |
| 7 | SUSAN GAROFALO, | Case No. 1:22-cv-00037-JLT-CDB |
| 8 | Plaintiff, | |
| 9 | v. | ORDER CONSOLIDATING ACTIONS PURSUANT TO RULE 42(a) |
| 10 | THOMSON INTERNATIONAL, INCORPORATED, | |
| 11 | | |
| 12 | Defendant. | |
| 13 | HOWARD JACKSON, | Case No. 1:22-cv-00038-JLT-CDB |
| 14 | Plaintiff, | |
| 15 | v. | ORDER CONSOLIDATING ACTIONS PURSUANT TO RULE 42(a) |
| 16 | THOMSON INTERNATIONAL, INCORPORATED, | |
| 17 | | |
| 18 | Defendant. | |
| 19 | ANN SAMS, | Case No. 1:22-cv-00387-JLT-CDB |
| 20 | Plaintiff, | |
| 21 | v. | ORDER CONSOLIDATING ACTIONS PURSUANT TO RULE 42(a) |
| 22 | THOMSON INTERNATIONAL, INCORPORATED, | |
| 23 | | |
| 24 | Defendant. | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| DEMARQUEZ AUSTIN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>THOMSON INTERNATIONAL,<br>INCORPORATED,<br><br>　　　　　　Defendant. | Case No. 1:22-cv-00388-JLT-CDB<br><br>ORDER CONSOLIDATING ACTIONS<br>PURSUANT TO RULE 42(a) |

These are separate strict liability, breach of warranty and negligence actions brought by 14 individual plaintiffs against Defendant Thomson International Incorporated ("Defendant"). All seven actions have been related pursuant to Local Rule 123.[1]

On November 4 and November 10, 2022, the parties in six of the seven actions filed stipulations in which they requested that the Court continue deadlines to complete discovery, file motions and commence trial.[2] In each of the stipulations, the parties requested a discovery and motion schedule that generally shared common dates and proposed sequential trial settings between June 24, 2024, and September 17, 2024.

After reviewing the stipulations, the Court issued a minute order in which it assessed that there are sufficient common questions of law and fact to consider consolidation of the actions under Federal Rule Civil Procedure 42(a).[3] The Court invited the parties to file position papers regarding consolidation in advance of a status conference held on November 17, 2022. At that status conference, the Court reviewed with the parties the various position papers filed in these actions and

---

[1] *See, e.g., Angelo, et al., v. Thomson Int'l Inc.*, No. 1:21-cv-01609-JLT-CDB (ECF No. 33). An eighth related case (*Peterson, et al., v. Thomson Int'l Inc.*, No. 1:22-cv-00701-JLT-CDB) will not be consolidated with the others for the reasons discussed below.

[2] In *Austin v. Thomson Int'l Inc.* (No. 1:22-cv-00388-JLT-CDB), counsel for Plaintiff did not file a similar stipulation to continue, but did file a notice of death on September 28, 2022, in which he represented that a motion to substitute party was forthcoming. (ECF No. 20). Counsel reiterated at a status conference on November 17, 2022, that the motion to substitute remained forthcoming.

[3] *E.g., Angelo*, No. 1:21-cv-01609-JLT-CDB (ECF No. 35).

heard argument regarding the merits of consolidation.[4]  For the reasons set forth below, the Court consolidates these seven actions and schedules a joint trial to commence on July 8, 2024.[5]

## BACKGROUND

Plaintiffs in these actions assert the same causes of action against Defendant based on personal injuries they sustained during the same discrete timeframe that allegedly were caused by the same product – a salmonella-infected onion sourced by Defendant.

### 1. The *Sartori* Action, No. 1:22-cv-00027-JLT-CDB

In this single-plaintiff action, Plaintiff Anntonette Sartori alleges that in June 2020, she purchased and consumed several meal kits from EveryPlate food service that contained onions sourced from Defendant.  (ECF No. 1 at 5).  Plaintiff Sartori alleges the meal kits were later recalled due to potential salmonella contamination.  *Id*.  She further alleges that because of Defendant's onions, she contracted salmonella and the CDC classified her as a "confirmed case in the Thomson onions Salmonella Newport outbreak."  *Id*. at 5-6.  Plaintiff Sartori claims as a result of her infection, she incurred medical expenses.  *Id*. at 6, 8.  Plaintiff Sartori raised four claims for relief against Defendant: (1) strict liability; (2) breach of warranty; (3) negligence; and (4) negligence per se.  *Id*. at 6-8.

### 2. The *Paquette* Action, No. 1:22-cv-00034-JLT-CDB

This action involves three plaintiffs, Robert Paquette, Marcia Paquette and their minor child ("Paquette Plaintiffs").  (ECF No. 1).  The Paquette Plaintiffs claim that while vacationing in Arizona in July 2020, they shared a meal that contained onions produced and sourced by Defendant.  *Id*. at 5.  The Paquette Plaintiffs claim these onions were later recalled due to potential contamination with Salmonella Newport.  *Id*.  They allege they contracted salmonella and their infections were linked to an outbreak associated with Defendant's onions.  *Id*. at 5-6.  The Paquette Plaintiffs claim as a result of their infections they incurred medical expenses.  *Id*. at 6, 9.  The Paquette Plaintiffs raised four claims for relief against Defendant: (1) strict liability; (2) breach of warranty; (3) negligence; and (4) negligence per se.  *Id*. at 6-9.

---

[4] *Id*. (ECF No. 39).

[5] The *Peterson* case will retain its currently established discovery and motion schedule and trial commencement date of March 26, 2024.

3. The *Garofalo* Action, No. 1:22-cv-00037-JLT-CDB

In this single-plaintiff action, Plaintiff Susan Garofalo alleges that in June 2020, she purchased red onions from a grocery store in Illinois. (ECF No. 1 at 5). Plaintiff Garofalo claims the onions she purchased were supplied by Defendant and were later recalled due to potential contamination with salmonella. *Id*. She alleges she contracted salmonella and her infection was linked to an outbreak associated with Defendant's onions. *Id*. at 5-6. Plaintiff Garofalo claims as a result of her infection she incurred medical expenses. *Id*. at 5-6, 9. Plaintiff Garofalo raised four claims for relief against Defendant: (1) strict liability; (2) breach of warranty; (3) negligence; and (4) negligence per se. *Id*. at 6-8.

4. The *Jackson* Action, No. 1:22-cv-00038-JLT-CDB

In this single-plaintiff action, Plaintiff Howard Jackson claims that in July 2020, he purchased and consumed a burrito in Washington. (ECF No. 1 at 5). Plaintiff Jackson alleges the burrito contained onions produced and sourced from Defendant and which were later recalled due to potential Salmonella Newport contamination. *Id*. He further claims he contracted salmonella and his infection was linked to an outbreak associated with Defendant's onions. *Id*. at 5-6. Plaintiff Jackson claims as a result of his infection he incurred medical expenses. *Id*. at 5, 8. Plaintiff Jackson raised four claims for relief against Defendant: (1) strict liability; (2) breach of warranty; (3) negligence; and (4) negligence per se. *Id*. at 6-8.

5. The *Sams* Action, No. 1:22-cv-00387-JLT-CDB

In this single-plaintiff action, Plaintiff Ann Sams alleges that in August 2020, she was "exposed" to onions manufactured by Defendant. (ECF No. 1 at 5). Plaintiff Sams asserts she contracted salmonella and her infection was linked to an outbreak associated with Defendant's onions. *Id*. at 5-6. She claims that her infection caused her to incur medical expenses. *Id*. at 5-6, 9. Plaintiff Sams raised four claims for relief against Defendant: (1) strict liability; (2) breach of warranty; (3) negligence; and (4) negligence per se. *Id*. at 6-8.

6. The *Austin* Action, No. 1:22-cv-00388-JLT-CDB

In this single-plaintiff action, Plaintiff DeMarquez Austin alleges that in July 2020, he was "exposed" to onions manufactured by Defendant. (ECF No. 1 at 5). Plaintiff Austin alleges he

contracted salmonella and his infection was linked to an outbreak associated with Defendant's onions. *Id*. at 5-6. Plaintiff Austin alleges his infection caused him to incur medical expenses. *Id*. at 5, 8. Plaintiff Austin raised four claims for relief against Defendant: (1) strict liability; (2) breach of warranty; (3) negligence; and (4) negligence per se. *Id*. at 6-8.

7. The *Angelo* Action, No. 1:21-cv-01609-JLT-CDB

This action involves six Plaintiffs ("Angelo Plaintiffs") who separately claim they consumed an onion from Defendant in the summer of 2020 in six different states, and soon after were infected with salmonella. (ECF No. 1 at 5-8). The Angelo Plaintiffs allege their infections were related to a Salmonella Newport outbreak linked to Defendant's onions. *Id*. They further claim that their salmonella infections caused them to contract salmonellosis. *Id*. The Angelo Plaintiffs allege that they incurred medical bills, pharmacy expenses and suffered a loss of income as a result of their salmonellosis. *Id*. The Angelo Plaintiffs raised four claims for relief against Defendant: (1) strict liability; (2) breach of warranty; (3) negligence; and (4) negligence per se. *Id*. at 8-11.

**PARTIES' POSITIONS AND CONTENTIONS**

In their pre-hearing filings and during arguments at a status conference on November 17, 2022, Plaintiffs agreed that the cases should be consolidated for trial under Rule 42 because the predominant issue common to the cases is whether Defendant is liable for selling onions contaminated with Salmonella Newport that infected each of the Plaintiffs. They further agreed that a common nucleus of facts and evidence is central to each of the seven actions in establishing Defendant's liability as to each Plaintiff. In particular, Plaintiffs claim that they each consumed an onion during a discrete time (summer of 2020) that was microbiologically linked to a salmonella-infected onion sourced by Defendant.

Defendant objects to consolidation of the actions for trial because it will confuse the jury and cause unfair prejudice.[6] First, Defendant claims consolidation is inappropriate because each case involves different facts, theories of causation, and purported injuries and damages. *Id*. at 2-3. During the status conference, Defendant elaborated that the geographically disperse Plaintiffs consumed

---

[6] *E.g.*, *Angelo*, No. 1:21-cv-01609-JLT-CDB (ECF No. 38).

onions sourced from different chains of distribution. According to Defendant, onions sourced from different chains of distribution creates different circumstances for each plaintiff which makes consolidation inappropriate. Second, Defendant argues joining these cases for trial would "invite the jury to indulge the biased inference that if [Defendant's] onions caused one plaintiff's injuries they caused the other" plaintiff's injuries. *Id*. at 3. Lastly, Defendant argues the cases are at different stages of discovery, making consolidation impractical, and the "history of the Court's prior orders shows that separate trials…are necessary to avoid undue jury confusion and undue prejudice." *Id*. at 3-4.

## LEGAL STANDARD

When multiple actions pending before a court involve common questions of law or fact, the court may order a joint hearing or trial of any or all matters at issue in the actions; consolidate the actions; and/or issue any other orders to avoid unnecessary cost or delay. Federal Rule Civil Procedure 42(a). The court has "broad discretion" to determine whether and to what extent consolidation is appropriate. *See Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016) (*citing Inv'rs Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)). "Typically, consolidation is a favored procedure." *Blount v. Boston Scientific Corporation*, No. 1:19-cv-00578-AWI-SAB, 2019 WL 3943872, *2 (E.D. Cal. Aug. 21, 2019) (*citing In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*, 282 F.R.D. 486, 491 (C.D. Cal. 2012)).

In deciding whether to consolidate actions, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007). Where consolidation may cause prejudice to a party or increase the likelihood of jury confusion, courts should consider whether the risks of prejudice and jury confusion "can be alleviated by utilizing cautionary [jury] instructions" and "controlling the manner in which [the parties' claims and defenses] are submitted to the jury for deliberation." *Eghnayem v. Boston Scientific Corp.*, 873 F.3d 1304, 1313-14 (11th Cir. 2017) (quotation omitted); *accord Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) ("When considering

consolidation, a court should also note that the risks of prejudice and confusion may be reduced by the use of cautionary instructions to the jury and verdict sheets outlining the claims of each plaintiff.").[7]

## DISCUSSION

### I. Common Questions of Law and Fact

Each of the seven actions shares common questions of law and fact that make consolidation desirable. Plaintiffs are pursuing the same basic causes of action based on personal injuries sustained during the same discrete timeframe that allegedly were caused by the same product – a salmonella-infected onion sourced by Defendant. Plaintiffs' theory of liability commonly relies on the identification by governmental entities including the Food and Drug Administration ("FDA") and the Centers for Disease Control and Prevention ("CDC") of Defendant's onions as the likely source of a transnational outbreak of Salmonella Newport. Although the 14 plaintiffs in these actions allege they consumed Defendant's onions in nine geographically distant states (ranging from Oregon to North Carolina), in each of these cases, Plaintiffs allege they consumed, in some form, onions produced by Defendant in the summer and fall of 2020. Shortly thereafter, Plaintiffs contend they developed symptoms consistent with a salmonella infection. Plaintiffs claim they sought medical attention and tested positive for salmonella. These are significant and substantial common issues of law and fact that warrant consolidation under Rule 42(a). *See Campbell*, 882 F.3d at 74; *Eghnayem*, 873 F.3d at 1314.

### II. Propriety of Consolidation

The benefits of consolidating these seven cases exponentially outweighs the possible – and largely remediable – risks of prejudice and juror confusion. Based on their recently filed stipulations

---

[7] The matter of consolidation properly is before and decided by the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) & (b)(3) and Local Rule 302(a) (E.D. Cal. 2022). *See, e.g.*, *Carcaise v. Cemex, Inc.*, 217 F. Supp.2d 603, 604 & n.1 (W.D. Pa. 2002) ("this magistrate judge has the authority to rule on the request to consolidate as a non-dispositive motion") (citing *Trafalgar Power, Inc. v. Aetna Life Ins. Co.*, 131 F. Supp.2d 341, 343 (N.D.N.Y. 2001)) (same). *Accord Bennett v. Ocwen Loan Serv'g, LLC*, 2016 WL 4267629, *3 (N.D. Ga. June 13, 2016); *Gilliam v. Fidelity Mgmt. & Research Co.*, 2005 WL 1288105, *1 & n.5 (D. Mass. May 3, 2005). To the extent either party disagrees, that party is free to address the issue in an objection to the assigned district judge pursuant to Local Rule 303. *See Florence v. Stanback*, 607 F. Supp. 2d 1119, 1122 (C.D. Cal. 2009); *see also Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015) (as part of waiver analysis, encouraging magistrate judges to advise litigants of the ability to object to a determination that a matter is non-dispositive).

seeking to continue discovery, motion and trial dates, the parties estimate that the trials from these seven related cases will consume nearly four continuous months of the Court's time.  It is well known that the Eastern District of California has a significantly overburdened docket and needs additional judges.  Having seven separate trials would have a much greater impact on the Court's trial calendar than a single trial.  The office of the Court's jury coordinator estimates that it would need to summon three times as many jurors to facilitate seven separate trials than it would were the trials consolidated.  In short, the strain of one consolidated trial is substantially less on the community, the witnesses, the parties, the attorneys, and the Court than seven separate trials.  The efficiency and desirability of consolidation in this situation is great. *Blount*, 2019 WL 3943872 at *3.

        Defendant does not argue that consolidation is inappropriate due to any resulting inconvenience, delay, or expense.  Indeed, consolidation would yield benefits to the parties and witnesses in convenience and expediency.  For instance, witnesses competent to testify about the government studies linking the Salmonella Newport outbreak to Defendant's onions would only need to prepare for, travel to and testify at trial once, instead of seven separate times.  Consolidation also would reduce the chance of inconsistencies in fact findings across the separate cases.  Because the Plaintiffs are making the same claims that Defendant's onions caused their injuries, and because of the cross-over of the anticipated expert witnesses to prove as much, separate trials would be largely repetitive and thus implicate "the burdens, delays, and expense that... help justify consolidation." *Campbell*, 882 F.3d at 74.

        Consolidation would also have minimal to no impact on the discovery efforts of the parties.[8]  For example, in six of these seven related actions, the parties recently filed stipulations seeking a nine-month continuance in the existing discovery schedules, largely because Defendant has numerous, outstanding Freedom of Information Act ("FOIA") requests to the FDA and CDC concerning their investigation of the 2020 Salmonella Newport outbreak and Plaintiffs' records.  These cases all are at similar stages of discovery, with several of them awaiting receipt of Defendant's FOIA requests and

---

[8] The lone exception is the related, eight-plaintiff *Peterson et al.* case where the parties did not seek a nine-month extension of discovery and motion deadlines and expressed a preference to maintain their current trial date of March 26, 2024. For that reason, the *Peterson et al.* case will not be consolidated with the seven other, related cases subject to this consolidation order.

the completion of Plaintiffs' deposition of a member of the California Department of Public Health. The parties in all of the actions to be consolidated already have proposed aligned discovery, motion and trail schedules.  During the recent status conference, Plaintiffs agreed that consolidating the cases would cause no prejudice or inconvenience to their ongoing discovery efforts.

Defendant's claim that consolidation of these actions is inappropriate because "separate issues predominate" is unavailing.[9]  Although Defendant may be correct that each plaintiff's case involves distinct facts (such as the locations where alleged salmonella-infected onions were consumed, the precise distribution chains responsible for delivering the onions to the place of consumption, and the scope of resulting injuries), these distinctions do not predominate over the commonalities.  The complaints in each of these seven cases mirror each other in alleging that Plaintiffs suffered injuries following consumption of salmonella-infected onions during the same, discrete time (summer of 2020) that were microbiologically traced to Defendant.  That common theory of liability and its inevitable reliance on a common nucleus of facts for proof predominates over the distinctions in each plaintiff's presentation of their case.  Indeed, a district judge in the Eastern District of California previously consolidated cases with starker differences than those alleged by Defendant here.  *See Blount*, 2019 WL 3943872 (consolidating four actions related to plaintiffs' use of defendant's medical devices even though plaintiffs were of different ages and medical histories, experienced different implantation periods, and were attended by different doctors).  *See also Equal Employment Opportunity Commission v. Lowe's HIW, Inc.*, 2008 WL 11343687, *2-3 (W.D. Wash. Aug. 14, 2008) (consolidating individual harassment suits by defendant's four former employees alleging different forms of harassment by two different supervisors).

Defendant's fear that consolidation will prejudice its case by permitting the jury to draw improper inferences can sufficiently be ameliorated through the issuance of jury instructions and related admonitions.  *See Deck v. Jenkins*, 814 F.3d 954, 979 (9th Cir. 2016) ("under Supreme Court precedent, a jury is presumed to follow the trial court's instructions.").  *See also, Eghnayem*, 873 F.3d at 1315 (rejecting similar juror confusion argument because "the district court instructed the jury that

---

[9] *E.g., Angelo*, No. 1:21-cv-01609-JLT-CDB (ECF No. 38 at 2).

10

'[y]ou may not even consider the fact that there's more than one case being brought,' an instruction that the jury presumably followed."); *Blount*, 2019 WL 3943872, *4 ("there is no reason to believe that a jury cannot keep track and individually assess how the differing situations and medical histories of each Plaintiff affected their damages or causation."). Therefore, the Court orders consolidation of these seven cases to preserve the Court's resources.

## **CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The actions denominated as *Angelo* (No. 1:21-cv-01609-JLT-CDB), *Sartori* (No. 1:22-cv-00027-JLT-CDB), *Paquette* (1:22-cv-0034-JLT-CDB), *Garofalo* (1:22-cv-00037-JLT-CDB), *Jackson* (1:22-cv-00038-JLT-CDB), *Sams* (1:22-cv-00387-JLT-CDB), and *Austin* (1:22-cv-00388-JLT-CDB), are CONSOLIDATED under Rule 42(a) for purposes of trial; and

2. The consolidated discovery, motion and trial schedule for the consolidated actions is as follows:

    a. Non-Expert Discovery Cut-off: August 29, 2023
    b. Expert Disclosure Deadline: September 12, 2023
    c. Rebuttal Expert Disclosure Deadline: October 10, 2023
    d. Expert Discovery Cut-off: November 7, 2023
    e. Non-dispositive Pre-Trial Motion (Including Discovery Motion) Filing Deadline: November 21, 2023
    f. Hearing Deadline for Non-dispositive Pre-Trial Motion (Including Discovery Motion): January 5, 2024, at 10:30 a.m.,
    g. Deadline to Meet & Confer Regarding Dispositive Pre-Trial Motion: January 12, 2024
    h. Dispositive Pre-Trial Motion Filing Deadline: February 2, 2024
    i. Hearing Deadline for Dispositive Pre-Trial Motion Filing Deadline: March 14, 2024, at 9:00 a.m.
    j. Joint Pretrial Statement Filing Deadline: April 26, 2024
    k. Pre-Trial Conference Date: May 6, 2024, at 1:30 p.m., before Judge Thurston.

l. Trial Date: July 9, 2024, at 8:30 a.m., before District Judge Jennifer L. Thurston.

IT IS SO ORDERED.

Dated: __December 2, 2022__  _____
UNITED STATES MAGISTRATE JUDGE