UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEIGH ANGELO, *et al*.<br><br>  Plaintiffs,<br><br>  v.<br><br>THOMSON INTERNATIONAL, INCORPORATED.<br><br>  Defendant. | Case No. 1:21-cv-01609-JLT-CDB<br><br>ORDER GRANTING PLAINTIFF DEMARQUEZ AUSTIN'S MOTION TO SUBSTITUTE PARTY<br><br>(Doc. 41) |

Plaintiff Demarquez Austin filed this action on March 31, 2021, raising four claims for relief against Defendant Thomson International, Incorporated: (1) strict liability; (2) breach of warranty; (3) negligence; and (4) negligence per se. *Austin v. Thomson International, Inc.*, No. 1:22-cv-00388-JLT-CDB (Doc. 1).[1] At the time this lawsuit was filed, Demarquez Austin was still living; however, Mr. Austin has since passed. (Doc. 41, Ex. 1). Counsel for Mr. Austin filed a notice of death of Mr. Austin on September 28, 2022. *Austin* (Doc. 20). On December 23, 2022, counsel for Mr. Austin filed the motion to substitute party now at issue. *Id*. No party filed and opposition and the time to do so has passed. Accordingly, the motion is ripe for resolution.

///

---

[1] Demarquez Austin's complaint was consolidated along with six other actions on December 2, 2022. (Doc. 40).

**Legal Standard**

Federal Rule of Civil Procedure 25(a)(1) provides: if a party dies and the claim is not extinguished, the court may order substitution of the proper party. Fed. R. Civ. P. 25(a)(1). A motion for substitution may be made by any party or by the decedent's successor or representative. *Id*. If any such motion for substitution is made more than 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. *Id*.

In evaluating a Rule 25(a)(1) motion, the Court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is the proper party. *Maseda v. Saul*, No. 1:20-cv-01657-JLT, 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021). If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the same position as [the] original party." *Id.* (quoting *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996)). "Rule 25(a) should be applied flexibly and liberally to permit substitution of the party or parties who…would adequately represent [the decedent's] interests." *Id.* (quoting *In re Baycol Prods. Litig.*, 616 F.3d 778, 789 (8th Cir. 2010)).

**Discussion and Analysis**

The motion now pending before the Court was timely filed because counsel for Mr. Austin filed the request for substitution within 90 days of the suggestion of death. *Austin* (Doc. 20).

The question of whether an action survives the death of a party "must be determined by looking towards the law, state or federal, under which the cause of action arose." *Stribling v. Lucero,* No. 2:16-cv-014388-TLN-JDP, 2021 WL 516849, at *1 (E.D. Cal. Feb. 11, 2021) (citation omitted); *see Carlson v. Green*, 446 U.S. 14, 23 (1980) ("state law governs state law causes of action"). Here, Mr. Austin, a resident of Washington, raised four state law causes of action against Defendant. *Austin* (Doc. 1). Washington's general survival of actions statute was enacted to keep [a] decedent's claims alive and to allow the personal representative to pursue them." *Federated Servs. v. Estate of Norberg*, 101 Wn. App. 119, 125 (2000); Rev. Code Wash. ("RCW") § 4.20.046. Mr. Austin is survived by his spouse Corina Phair. (Doc. 41). Pursuant to RCW § 11.28.120(1), administration of a decedent's estate who dies intestate is granted to the

surviving spouse. Moreover, Ms. Phair has been appointed as the administrator of Mr. Austin's estate by the Superior Court of Washington for King County. (Doc. 41, Ex. 1). Thus, the claims raised by Mr. Austin have not been extinguished.

Where, as is the case here, a suit is based on diversity jurisdiction, "state law determines who is a 'proper party' for the purposes of Rule 25(a)(1)." *Bustillos v. N.H. Ball Bearings*, 2018 WL 6333680, at *2 (C.D. Cal. November 6, 2018) (citing *In re Baycol Prods. Litig.*, 616 F.3d at 785)). Under Washington law, the decedent's personal representative is the proper party to be substituted. RCW § 4.20.046. As the appointed personal representative of Mr. Austin's estate, Ms. Phair is the proper party for Mr. Austin's claims.

**Conclusion and Order**

Ms. Phair has presented evidence that establishes that the requirements of Rule 25(a)(1) are satisfied as to Mr. Austin's claims against Defendant for (1) strict liability; (2) breach of warranty; (3) negligence; and (4) negligence per se.

Accordingly, the Court Orders:

1. The motion to substitute (Doc. 41) is GRANTED;
2. Corina Phair shall be substituted for Demarquez Austin in this consolidated action; and
3. The Clerk of Court is directed to add Corina Phair as a party plaintiff in place of Demarquez Austing, and acknowledge on the docket Messers. Craig Murphy, Joshua A. Fensterbush, PHV, and William D. Marler, PHV, as counsel of record for Corina Phair.

IT IS SO ORDERED.

Dated:   **January 10, 2023**                             _____
                                                          UNITED STATES MAGISTRATE JUDGE