UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEIGH ANGELO, *et al.*, | Case No. 1:21-cv-01609-JLT-CDB |
| Plaintiffs, | ORDER RE: DISCOVERY DISPUTE |
| v. | (Doc. 77) |
| THOMSON INTERNATIONAL INC., | |
| Defendant. | |

Currently before the Court is a discovery dispute that the parties have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure.

**Background**

The 14 Plaintiffs in these seven, consolidated actions assert causes of action against Defendant based on personal injuries they sustained between June and August 2020 that allegedly were caused by the same product – a salmonella-infected onion sourced by Defendant.

On the deadline to make expert witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2) (September 12, 2023), Plaintiffs in six of the seven actions transmitted to Defendant a disclosure identifying four retained experts and approximately 28 "non-retained" expert witnesses. (Doc. 77-1). The 28 witnesses are described in Plaintiffs' disclosures as Plaintiffs' "treating physicians." *Id*. at 9. The disclosures provide the following categories of the witnesses'

anticipated testimony:

    1. "Opinion testimony in their areas of training, practice and expertise"

    2. "their specific care and treatment of Plaintiffs"

    3. "the reasonableness and necessity of Plaintiffs' care and treatment as the result of the injuries from their Salmonella Newport infections"

    4. "the charges for Plaintiffs' medical care and treatment"

    5. "that the costs for such medical care and treatment are reasonable, necessary, and ordinary and customary in the medical community"

Defendant argues that Plaintiffs' disclosures for its non-retained experts do not comply with Rule 26(a)(2)(C). (Doc. 77 at 1-4). Specifically, Defendant challenges the expert disclosure for its failure to adequately include a summary of the subject matter and the facts and opinions for which the non-retained experts are expected to testify. As relief for Plaintiffs' alleged non-compliance with Rule 26(a)(2)(C), Defendant seeks a protective order from the Court prohibiting Plaintiffs from deposing these non-retained experts. *Id*. at 4.

Plaintiffs dispute that the expert disclosures are deficient. Specifically, Plaintiffs argue the disclosure notice provides an adequate summary of the anticipated subject of testimony, as well as the facts relied upon and opinions expected to be rendered by the experts. *Id*. at 5-7.

On November 7, 2023, the Court held a discovery dispute conference via Zoom video conference. (Doc. 78). David Falkenstein, David Coyle and Craig Murphy appeared on behalf of Plaintiffs. Robert Sallander, Robert Seeds and Helen Chen appeared on behalf of Defendant. At the beginning of the conference, the parties agreed to resolution of the identified discovery disputes outside the Local Rule 251 formal parameters, agreed to proceed without record, and agreed to abide by an order of the Court after the conference resolving the dispute.

**Governing Legal Standard**

"Under the Federal Rules, '[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.'" *Gorrell v. Sneath*, No. 1:12-cv-0554-JLT, 2013 WL

4517902, at *1 (E.D. Cal. Aug. 16, 2013) (quoting Fed. R. Evid. 702). "A party must disclose the identity of any expert witnesses, whether retained or non-retained, expected to testify at trial." *Id.* "Disclosure of a non-retained expert 'must state: (i) the subject matter on which the witness is expected to present evidence ...; and (ii) a summary of the facts and opinions to which the witness is expected to testify.'" *Id.* (quoting Fed. R. Civ. P. 26(a)(2)(C)). "A disclosure must be corrected 'in a timely manner if the party learns that in some material respect the disclosure ... is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.* (quoting Fed. R. Civ. P. 26(e)(1)).

**Analysis**

In the parties' joint discovery dispute briefing and during the Court conference, Defendant relied on *Alfaro v. D. Las Vegas, Inc*., No. 2:15-cv-02190-MMD-PAL (D. Nev. Aug. 24, 2016). In that case, the Court concluded that Rule 26(a)(2)(C) disclosures for non-retained experts were "so generic, unhelpful, and boilerplate they could apply to any [sic] virtually any case." 2016 WL 4473421, at *13. The *Alfaro* Defendants argued (as Defendant argues here) that the vague expert disclosures prejudiced them by undermining their ability to "make an informed decision about which, if any, of the witnesses to depose." *Id*. at *2.

In another case on which Defendant relies, *Pineda v. City and Cnty. of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. 2012), the Court, similar to the *Alfaro* Court, found the plaintiffs' Rule 26(a)(2)(C) disclosures for their non-retained treating physicians were inadequate. Specifically, the disclosure broadly noticed anticipated opinion testimony on the subjects of "causation, diagnosis, prognosis, [and] extent of [plaintiff's] disability," without summarizing the facts or further elaborating the nature of the anticipated opinions. *Id*. at 523.

Like the Courts in *Alfaro* and *Pineda*, this Court concludes that Plaintiffs' non-retained expert disclosures do not pass muster under Rule 26(a)(2)(C). While the disclosures sufficiently identify the subject matter of the anticipated testimony, they do not provide a summary of the relied-upon facts or actual opinions. Plaintiffs' argument that the disclosures adequately inform Defendant that the non-retained experts will opine about the reasonableness of their treatment and

1   the associated costs has some appeal.  Thus, as counsel for Defendant acknowledged during the

2   discovery conference, it is reasonable to assume the treating physicians will opine that (1) their

3   treatment was reasonable and (2) the costs were reasonable.  Even so, the disclosures run afoul of

4   Rule 26(a)(2)(C) in failing to summarize the facts on which the experts are expected to rely – and

5   Plaintiffs cannot meet their burden here by simply pointing to the disclosed medical records and

6   representing that the relevant facts are contained therein.

7   However, the Court finds that the relief requested by Defendant (barring the depositions

8   from occurring) is not warranted at this point.  First, unlike in *Alfaro*, here, discovery is not closed

9   and the Plaintiffs' Rule 26(a)(2)(C) deficiencies may be remediable without a significant

10  adjustment of case management dates.  Second, in contrast to the broad and general disclosure in

11  *Pineda*, here, the noticed opinion testimony is far more discrete and definable:  that the care

12  provided was reasonable and necessary, and that the charges incurred likewise were reasonable,

13  necessary, and ordinary and customary in the medical community.

14  In *Gorrell*, the Court found that defendants' Rule 26(a)(2)(C) disclosures for their non-

15  retained experts did not adequately identify the facts or opinions for which the witnesses were

16  expected to testify.  However, discovery was still open and the Court declined to exclude the

17  expert testimony as a sanction, finding the disclosure deficiencies were harmless, largely because

18  "many of the facts and opinions to which [the expert witnesses] expect to testify have been

19  divulged in the course of discovery."  2013 WL 4517902 at *3-4 (distinguishing *Pineda*).

20  Accord, *F.D.I.C. v. Anderson*, No. 2:11-cv-01061-GEB-EFB, 2012 WL 3728160, at *4 (E.D. Cal.

21  Aug. 27, 2012) (noting "deficiencies" in disclosure of non-retained expert but declining to

22  exclude testimony due to harmlessness).

23  Like the *Gorrell* Court, the Court here will require Plaintiffs to amend their expert

24  disclosures consistent with Rule 26(a)(2)(C) by a fixed time prior to the expert depositions.  The

25  amended disclosures may not expand upon the subject matter identified in the initial disclosures.

26  Further, should any of Plaintiffs' non-retained experts testify to expert opinions outside the

27  narrow bounds of their Rule 26(a)(2)(C) disclosures, Defendant may seek relief through a motion

28  to exclude those portions of the deposition testimony that were not sufficiently disclosed in

advance. *See* Fed. R. Civ. P. 37(c)(1) (a party who fails to provide required information "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."). *E.g., Wishtoyo Found. v. United Water Conservation Dist.*, No. CV 16-3869-DOC (PLAx), 2017 WL 6940510, at *15 (C.D. Cal. Dec. 1, 2017) (excluding portions of non-retained expert witness deposition testimony for party's failure to properly disclose pursuant to Rule 26(a)(2)); *Krause v. Hawaiian Airlines, Inc.*, No. 2:18-cv-00928 JAM AC, 2019 WL 13225251, at *5-6 (E.D. Cal. June 7, 2019) (declining to strike expert testimony, notwithstanding deficient Rule 26(a)(2)(C) disclosures, subject to renewal of motion).

**Miscellaneous Matters**

Counsel for Plaintiffs represented during the discovery conference that he expected to seek to depose no more than one non-retained expert witness per Plaintiff (*e.g.*, eight witnesses). The Court will require Plaintiff to adhere to this commitment. *E.g. Farrell v. Home Depot U.S.A., Inc.*, No. 2:10-cv-01402 TLN AC, 2022 WL 2818649, at *4 (E.D. Cal. July 19, 2022) (finding number of disclosed non-retained experts "excessive").

Further, as the Court explained during the discovery conference, any significant adjustment of the existing case management dates to accommodate additional discovery may adversely impact the related, eight-plaintiff action against Defendant that is scheduled to commence trial on December 3, 2024. *Peterson et al. v. Thomson Int'l, Inc.*, No. 1:22-cv-00701-JLT-CDB (Doc. 57). The Notes of the Advisory Committee on the 2000 amendments to Fed. R. Civ. P. 30 provide: "The court may enter a case-specific order directing shorter depositions … with regard to a specific witness." *See* Fed. R. Civ. P. 30(d)(1) (depositions to last seven hours unless otherwise "ordered by court"). Given the discrete nature of the anticipated testimony of Plaintiffs' non-retained experts, the Court will order their depositions to last no more than four hours each, apportioned as follows: two hours of direct/redirect examination and two hours of cross examination

**Conclusion and Order**

For the foregoing reasons and based on the discussion had during the informal discovery

5

dispute conference, it is HEREBY ORDERED:

1. Defendant's request for a protective order barring the Plaintiffs' depositions of their non-retained experts is DENIED WITHOUT PREJUDICE to renewal of the motion should Plaintiffs fail to provide completed expert disclosures within the timeframe set forth below.

2. Plaintiffs shall transmit to Defendant amended disclosures for their non-retained expert witnesses consistent with Rule 26(a)(2)(C) and the analysis set forth above no less than 72 hours in advance of their individual depositions.

3. Plaintiffs may depose no more than eight of their disclosed, non-retained experts. The depositions shall last no more than four hours each: two hours for direct and redirect examination, and two hours for cross-examination.

As previously ordered (Doc. 78), no later than November 13, 2023, the parties shall file a stipulation for modification of the scheduling order to the extent of facilitating noticed depositions and non-dispositive motion filing deadline relating to those depositions. The scheduling of any depositions by Plaintiffs of their disclosed, non-retained experts shall be addressed in this stipulation.

IT IS SO ORDERED.

Dated:   **November 8, 2023**                          _____
                                                        UNITED STATES MAGISTRATE JUDGE