UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEIGH ANGELO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THOMSON INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 1:21-cv-01609-JLT-CDB<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Docs. 81, 83) |

On November 13, 2023, counsel for Defendant Thomson International, Inc., on behalf of all parties requested that the Court convene a conference to resolve a discovery dispute relating to the continued deposition of Plaintiff Howard Jackson. (Doc. 81).  In lieu of a conference, the Court ordered counsel for Plaintiff Jackson to file a report addressing why Plaintiff has been unavailable to continue his deposition that began in July 2023.  The Court further required counsel for Plaintiff to identify dates of availability to continue Plaintiff's deposition for the next 30 days.  *Id*.

On November 14, 2023, counsel for Plaintiff Jackson timely filed a response to the Court's Order to Show Cause, accompanied by a declaration from attorney William D. Marler. (Doc. 83).  In his declaration, Mr. Marler represents that during the July 11, 2023, deposition at issue, Plaintiff Jackson became emotionally distraught and fell to the floor. The parties called for emergency services and Plaintiff Jackson was taken to a hospital for treatment.  (Doc. 83-1 ¶8).

In his declaration, counsel further represents that Plaintiff Jackson is a homeless man and has been difficult to locate.  Following his hospitalization, Plaintiff Jackson's counsel has spent considerable time trying to locate him, including hiring a private investigator, who determined

that Plaintiff Jackson is currently incarcerated. *Id*. ¶9.

Plaintiff Jackson's counsel avers that he has informed Defendant of Plaintiff Jackson's issues related to his location and health and has pledged to make him available for deposition as soon as possible. *Id*. Plaintiff Jackson's counsel further represents that he will not object, based on timeliness, to the continued deposition once he gains Plaintiff's availability. (Doc. 83 p. 2).

Based on counsel for Plaintiff Jackson's declaration, the Court finds good cause to discharge its Order to Show Cause.

The Court notes that nonexpert discovery has long since expired. Whereas the parties stipulated to and requested a Court order extending the time to conduct the deposition of a different plaintiff in these consolidated actions (Plaintiff Thompson, *see* Docs. 52, 55), no such stipulated order was timely sought in the case of Plaintiff Jackson. While the Court acknowledges the challenges confronted by counsel for Plaintiff Jackson in obtaining his availability for continued deposition, it is not willing to delay the case indefinitely to accommodate a party's unavailability. With the dispositive motion deadline looming, Defendant's only recourse may be an application for relief pursuant to Fed. R. Civ. P. 37(a)(1) & (3).

Accordingly, for the forgoing reasons, it is HEREBY ORDERED the Court's Order to Show Cause (Doc. 81) is DISCHARGED.

IT IS SO ORDERED.

Dated:   **November 17, 2023**         _____
                                        UNITED STATES MAGISTRATE JUDGE