UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEIGH ANGELO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THOMSON INTERNATIONAL INC., <br><br> Defendant. | Case No. 1:21-cv-01609-JLT-CDB <br><br> ORDER GRANTING DEFENDANT'S MOTION TO COMPEL <br><br> (Doc. 85) |

Currently before the Court is the motion of Defendant Thomson International Inc., filed November 21, 2023, pursuant to Fed. R. Civ. P. 26, 30 and 37(a)(1) & (3), to compel Plaintiff Howard Jackson ("Plaintiff") to appear for continued deposition. (Doc. 85). The Court has reviewed the motion and supporting declaration and exhibits, as well as Plaintiff's opposition (Doc. 91) and Defendant's reply and supporting declaration (Docs. 92, 93).

**Background**

The 14 Plaintiffs in these seven, consolidated actions assert causes of action against Defendant based on personal injuries they sustained between June and August 2020 that allegedly were caused by the same product – a salmonella-infected onion sourced by Defendant.

On July 11, 2023, Plaintiff appeared for his deposition. At some point, the deposition was adjourned as Plaintiff experienced a medical event. Shortly afterwards, counsel for both parties

1 began communicating with each other regarding a continuation of the deposition.  For instance,

2 on July 27, 2023, in response to Defendant's inquiry about rescheduling the deposition, Plaintiff's

3 counsel represented she agreed to "waiving the discovery deadline for his dep[osition] to make

4 sure you guys [Thomson] can get what you need."  (Doc. 85-2 Ex. 2 [7/27/2023 email from

5 attorney Schell]).  However, during the ensuing months, counsel for Plaintiff repeatedly informed

6 Defendant she had been unable to contact her client.

7 On or about September 6, 2023, counsel for Plaintiff reported to Defendant that Plaintiff

8 had been incarcerated.  Plaintiff reportedly was released from custody on or about November 1,

9 2023, into the care of an inpatient addiction treatment provider.  (Doc. 91).

10 Defendant argues that Plaintiff should be compelled to appear for continued deposition

11 and asserts that counsel for Plaintiff has not demonstrated good cause for her inability to locate

12 and make Plaintiff available.  Plaintiff argues that Defendant has not carried its burden of

13 demonstrating cause for (1) any continued deposition, and (2) any motion to compel.  (Doc. 91

14 pp. 3-4).  Plaintiff specifically argues that the topics upon which Defendant seeks to continue the

15 deposition are subjects Plaintiff already has sufficiently addressed in response to written

16 discovery, and, thus, that "Defendant has made no showing that the discovery sought is not

17 cumulative and has not already been sufficiently answered."  *Id.* p. 4.

18 **Governing Legal Standard**

19 "Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter

20 that is relevant to any party's claim or defense and proportional to the needs of the case,

21 considering the importance of the issues at stake in the action, the amount in controversy, the

22 parties' relative access to relevant information, the parties' resources, the importance of the

23 discovery in resolving the issues, and whether the burden or expense of the proposed discovery

24 outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Information need not be admissible in

25 evidence to be discoverable.  *Id*.  "Evidence is relevant if: (a) it has any tendency to make a fact

26 more or less probable than it would be without the evidence; and (b) the fact is of consequence in

27 determining the action."  Fed. R. Evid. 401.

28 Relevancy is broadly defined to encompass any matter that bears on, or that reasonably

could lead to other matter that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Although relevance is broadly defined, it does have "ultimate and necessary boundaries." *Gonzales v. Google, Inc*., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (quoting *Oppenheimer Fund, Inc*., 437 U.S. at 351). "The purpose of discovery is to make trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible, and to narrow and clarify the issues in dispute." *Jadwin v. Cnty. Of Kern*., No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, *1 (E.D. Cal. May 9, 2008) (quotation and citations omitted).

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objection." *Id.* (quotation and citations omitted).

Separately, motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in pertinent part:

**(a) Motion for an Order Compelling Disclosure or Discovery**

**(1)** *In General***.** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37.

Rule 37 states that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

**Analysis**

The Court finds that Plaintiff has failed to carry his burden of showing that appearing for continued deposition should not be allowed.

To begin with, throughout Plaintiff's reported period of unavailability, counsel has taken the position that they would not oppose a continued deposition – beginning as early as approximately two weeks after Plaintiff's adjourned deposition in July and continuing to as recently as November 2, 2023, on which date they conveyed to Defendant, "we will allow you to take [h]is deposition, but we need to find him first." (*See* Doc. 85-2 Ex. 2 [11/2/2023 email from

attorney Marler]). Plaintiff offers no explanation to the Court why he is now reversing course.

Plaintiff's argument in opposition to an order compelling continued deposition – to wit, that his written discovery responses on the topics for which Defendant seeks a continued deposition are sufficient – fails in "clarifying, explaining, and supporting [Plaintiff's] objection." *Jadwin*, 2008 WL 2025093, at *1. As there does not appear to be any dispute that Plaintiff's deposition was adjourned before the seven-hour period provided for by the Civil Rules, any burden Defendant may have to seek to continue the deposition now is simply the general relevance standard provided for pursuant to Rule 26(b)(1). *See* Fed. R. Civ. P 30(d)(1). Defendant's assertion that it requires additional time to explore causation- and damages-related issues during a deposition meets that standard; Plaintiff's assertion to the contrary is without merit.

The Court acknowledges that counsel for Plaintiff has experienced challenges in obtaining Plaintiff's appearance for continued deposition – both during the period of Plaintiff's recent incarceration (from early-September 2023 to November 1, 2023), and thereafter while Plaintiff participates in inpatient substance abuse treatment. However, counsel offers only a conclusory and unsworn representation in an apparent effort to spotlight this challenge: "Since Plaintiff's release on November 1, Plaintiff's counsel has attempted on a near daily basis to make contact with Plaintiff, frequently emailing and calling his counselor, public defender, estranged daughter, and other potential sources of information about Plaintiff's current location and condition." (Doc. 91 p. 2). But there does not appear to be any dispute as to Plaintiff's current location: a cursory review of the state court docket reflects that Plaintiff was released to "a representative of Pioneer,"[1] which appears to be Plaintiff's inpatient substance abuse provider with whom Plaintiff's counsel represents he is contact.

Tellingly absent from Plaintiff's opposition is any explanation by his counsel in any amount of detail as to what specifically they have done to arrange for Plaintiff's continued deposition (that they previously agreed to in communications with Counsel for Defendant): for

---

[1] The docket for Plaintiff's state court criminal action is available at: https://cp.spokanecounty.org/courtdocumentviewer/publicviewer/DCHearingsByCaseNumber.aspx (last visited Dec. 14, 2023).

instance, have they requested from Plaintiff's counsel whether it is possible to coordinate a deposition, and if so, what was the answer? It appears from the state court docket that there are weekly hearings in Plaintiff's drug court proceedings – does Plaintiff appear for those hearings, and if so, has any attempt been made to secure Plaintiff's availability for deposition in connection with those proceedings?

Dispositive motions in this action must be filed by February 2, 2024. (Doc. 40). Defendant is entitled to complete its deposition of Plaintiff in advance of that date. Accordingly, the Court will order Plaintiff to appear for and complete his deposition no later than two weeks prior to the deadline for Defendant to file any dispositive motion. Because the state court docket reflects that Plaintiff's trial is set to commence on February 26, 2024, this Order should not adversely impact Plaintiff's state court proceedings.

The Court cautions Plaintiff that his failure to make himself available for continued deposition in violation of this Order may be grounds for sanctions, including evidentiary sanctions (*see Lanier v. San Joaquin Valley Officials Ass'n*, No. 1:14-cv-01938-EPG, 2016 WL 4764669, at *8 (E.D. Cal. Sept. 12, 2016)), and dismissal of his action. *E.g., Jones v. Frazesn*, No. 2:09-cv-02758 RCT, 2009 WL 3254905, at *3 (E.D. Cal. Oct. 8, 2009) (dismissing action upon plaintiff's failure to appear for continued deposition; *Lugo v. Sham*, No. C00-11-4MMC(JL)(JCS), 2001 WL 348984, at *4 (N.D. Cal. Apr. 5, 2001) (same).

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED:

1. Defendant's motion to compel (Doc. 85) is GRANTED.

2. Plaintiff shall appear for and complete his continued deposition no later than <u>January 19, 2024</u>.

IT IS SO ORDERED.

Dated: __**December 14, 2023**__                    _____
                                                                             UNITED STATES MAGISTRATE JUDGE

5