UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEIGH ANGELO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THOMSON INTERNATIONAL INC., <br><br> Defendant. | Case No. 1:21-cv-01609-JLT-CDB <br><br> ORDER RE: DISCOVERY DISPUTE <br><br> **(**Doc. 101-103**)** |

Currently before the Court is a discovery dispute that the parties have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure.

**Background**

The 14 Plaintiffs in these seven, consolidated actions assert causes of action against Defendant Thomson International, Inc., based on personal injuries they sustained between June and August 2020 that allegedly were caused by the same product – a salmonella-infected onion sourced by Defendant.

Relevant here, Plaintiff Anntonette Sartori initiated her action with the filing of a complaint on January 5, 2022. (Case No. 1:22-cv-0027-JLT-CDB, Doc. 1). On December 2, 2022, the Court entered an order consolidating Plaintiff's case with six others and setting case management dates. (Doc. 40). Among other things, the Court set November 7, 2023, as the

deadline for completing expert discovery. *Id.*

On October 10, 2023, the Court granted the parties' stipulated request for a two-week extension of the deadline to complete expert discovery – from November 7 to November 21, 2023. (Doc. 64). Shortly thereafter, Defendant moved the Court for entry of a protective order barring Plaintiffs from deposing up to 28 duly noticed, non-retained expert witnesses. (Doc. 69). The Court struck Defendant's motion because it was filed without an accompanying memorandum of points and authorities and because, in filing the motion, Defendant failed to comply with the Court's procedures for discovery dispute resolution. (Doc. 70).

Shortly afterwards, the parties filed a stipulation for order extending expert discovery by nine days to facilitate depositions of two noticed experts. (Doc. 74). In that stipulation, the parties referred to Defendant's anticipated renewal of its motion for protective order to bar Plaintiffs from deposing their non-retained experts. The parties represented: "If the motion [for protective order] is denied, Plaintiffs *will immediately notice the depositions* on a date agreed to by the parties and deponents, and will then file an additional stipulation with a specific date by which the depositions must be conducted." *Id.* at p. 2 (emphasis added).

Thereafter, the Court received the parties' joint letter brief setting forth their positions regarding depositions of Plaintiffs' non-retained experts (Doc. 77) and convened for an informal discovery dispute conference. (Doc. 78). On the following day (November 8, 2023), the Court entered an order resolving the dispute. (Doc. 79). Although the Court found that Plaintiff's Rule 26(a) notices for its non-retained expert witnesses were deficient, the Court denied Defendant's request for a protective order. The Court ordered the parties to file not later than November 13, 2023, a stipulation for order addressing "[t]he scheduling of any depositions by Plaintiffs of their disclosed, non-retained experts," which the Court limited to no more than eight depositions. (Doc. 79 p. 6). The Court additionally ordered Plaintiffs to transmit to Defendant amended expert disclosures that remedied the initial disclosure deficiencies noted in the order at least 72 hours in advance of any noticed deposition. The Court reiterated its concern about keeping the case on schedule: "any significant adjustment of the existing case management dates to accommodate additional discovery may adversely impact the related, eight-plaintiff action against Defendant

2

1 that is scheduled to commence trial on December 3, 2024." *Id*. p. 5.

2 On November 13, 2023, the parties timely filed a stipulation for order setting deadlines to complete three expert depositions but did not stipulate to a schedule for depositions of Plaintiffs' non-retained experts. (Doc. 80). Instead, the parties merely recited in the stipulation their competing visions of how the depositions should be scheduled. Plaintiffs represented that they were "presently working with the physicians to schedule their depositions, but have not completed that process, and suggest that the deadline to take all of them should be December 31, 2023." *Id*. p. 2. The Court adopted the parties' proposed, agreed-upon deposition schedule for the three identified expert witnesses, but declined to adopt the Plaintiffs' suggestion of a December 31 deadline by which to complete depositions of any non-retained experts. (Doc. 82).

On December 14, 2023, counsel for Plaintiff Sartori transmitted to Defendant a notice of deposition for Dr. Sungmi Lian, one of Plaintiff's non-retained experts, to take place on December 20, 2023. (Docs. 101, 103). Because Defendant disputed the propriety of the timing of the deposition and objected to Plaintiff's failure to timely present any amended Rule 26(a) expert disclosure for Dr. Lian, Defendant filed a renewed motion for protective order seeking to bar the deposition. (Doc. 101).

In connection with Defendant's renewed motion for protective order, on December 19, 2023, the Court held a discovery dispute conference via Zoom video conference. (Doc. 104). David Falkenstein, Frederick William Vranizan and Raymond James Trueblood-Konz appeared on behalf of Plaintiffs. Robert Seeds Chen appeared on behalf of Defendant. At the beginning of the conference, the parties agreed to resolution of the identified discovery disputes outside the Local Rule 251 formal parameters, agreed to proceed without record, and agreed to abide by an order of the Court after the conference resolving the dispute.

**Governing Legal Standard**

A party seeking to prevent a deposition from taking place "must demonstrate good cause – specific prejudice or harm – before a protective order will issue." *Fram v. Memory Enters. LLC,* No. CV 17-7172-MWF (JPRx), 2018 WL 5903922, at *2 (C.D. Cal. Sept. 17, 2018) (internal quotation and citations omitted). *Accord Pac. Marine Ctr., Inc. v. Silva*, No. 1:09-cv-

3

1409-LJO-GSA, 2010 WL 2754351, at *3 (E.D. Cal. July 9, 2010).

**Analysis**

The Court concludes that Defendant has demonstrated good cause for the relief requested. Despite the Court's earlier order directing Plaintiffs to remedy their deficient expert notices and provide them to Defendant no less than 72 hours before any noticed deposition (*see* Doc. 79 p. 6), counsel for Plaintiff conceded during the discovery dispute conference that he had not complied with this requirement. As the Court found previously, the harm incumbent in Plaintiffs' delayed provision of proper expert notices complaint with Rule 26(a)(2)(C) is that Defendant cannot adequately prepare for the depositions and lacks an informed basis for deciding which (if any) among the deficiently noticed experts to depose. (Doc. 79 pp. 3-4). *See, e.g., Pineda v. City and Cnty. of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. 2012) ("Defendant's ability to meaningfully depose or cross-examine [deficiently noticed non-retained expert witnesses] is undermined" and "absent disclosure of the information required under Rule 26(a)(2)(C), Defendant cannot make an informed decision on which, if any, of the twelve treating physicians it should depose.").

Expert discovery already has closed. On the parties' stipulation, the Court granted a brief extension of discovery to facilitate the noticed depositions of three expert witnesses on identified dates (Doc. 82) – because no such agreement was reached by the parties regarding Plaintiffs' non-retained experts, the Court declined to extend any additional relief.

**Conclusion and Order**

For the foregoing reasons and based on the discussion had during the informal discovery dispute conference, it is HEREBY ORDERED, Defendant's request for a protective order barring the Plaintiffs' depositions of their non-retained experts is GRANTED.

IT IS SO ORDERED.

Dated: **December 19, 2023**

UNITED STATES MAGISTRATE JUDGE

4