UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEIGH ANGELO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THOMSON INTERNATIONAL INCORPORATED,<br><br>Defendant. | Case No. 1:21-cv-01609-JLT-CDB<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. 113) |

In this consolidated action, 14 individual plaintiffs allege that they sustained personal injuries after consuming a salmonella-infected onion sourced by Defendant Thomson International, Incorporated ("Defendant").

Pending before the Court is Defendant's motion to dismiss. (Doc. 113). Defendant argues that the Court should dismiss 12 out of the 14 plaintiffs as the Court lacks subject matter jurisdiction over their claims because they do not exceed the jurisdictional minimum required by 28 U.S.C. § 1332. The Court has reviewed Defendant's moving brief (Doc. 118) and supporting declarations and exhibits (Docs. 115, 116), Plaintiffs' opposition briefs and supporting materials (Docs. 120-22), and Defendant's separate reply briefs (Docs. 123, 124).

The parties have consented to the jurisdiction of a magistrate judge for the resolution of Defendant's motion to dismiss. (Docs. 125-27). For the reasons set forth below, Defendant's

motion to dismiss is DENIED.

**I.     Background**

      **A.  The Kahlie Plaintiffs**

Plaintiffs John Kahlie, Amanda Erickson, Jose Mena, and James Thompson (the "Kahlie Plaintiffs"), along with two other plaintiffs not the subject of Defendant's motion to dismiss, filed their complaint in this Court on November 4, 2021.  (Doc. 1).  The Kahlie Plaintiffs allege they consumed an onion sourced by Defendant on different occasions in different states between June and August 2020, and developed symptoms consistent with *salmonellosis*.  *See id*. at 5-8. Each Plaintiff alleges that he or she incurred medical bills and pharmacy expenses and suffered a loss of income as a result of s*almonellosis*.  *Id.*  In their Rule 26 disclosures, the Kahlie Plaintiffs asserted they seek, in addition to compensatory damages, general damages for "past and future pain and suffering, mental and physical discomfort, emotional distress, loss of enjoyment of life, diminishment in quality of life, and other similar damages, to be determined by the jury." *See generally* (Doc. 116-6).

      **B.  The Garofalo Plaintiffs**

Prior to the Court's consolidation of these actions, eight additional Plaintiffs – Susan Garofalo; Howard Jackson; Robert, Marcia, and Daniel Paquette; Anntonette Sartori; Demarquez Austin[1]; and Ann Sams (the "Garofalo Plaintiffs") – filed complaints in five separate cases raising claims against Defendant similar to those raised by the Kahlie Plaintiffs.  *See generally* (Doc. 40). Like the Kahlie Plaintiffs, the Garofalo Plaintiffs notified Defendant in Rule 26 disclosures that they each seek damages including for "pain and suffering, loss of enjoyment of life, emotional distress, anxiety, and fear."  (Doc. 118 at 7, 10, 11, 16-18).

**II.    Standard of Law**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction to hear the claims alleged.  Fed. R. Civ. P. 12(b)(1).  A federal court has jurisdiction over an underlying dispute if the suit is between citizens of different states

---

[1] Plaintiff Corina Phair is proceeding as the successor in interest for Plaintiff Austin. (Doc. 42).

1  and the amount in controversy exceeds $75,000 exclusive of interests and costs. *Geographic*
2  *Expeditions, Inc., v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir 2010) (citing
3  28 U.S.C. § 1332(a)).  When a plaintiff originally files in federal court, "the amount in
4  controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enterprises*,
5  231 F.3d 1129, 1131 (9th Cir. 2000).  In such cases, courts apply the "legal certainty" test to
6  determine whether the complaint meets § 1332(a)'s amount in controversy requirement.
7  *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363-64 (9th Cir. 1986) (adopting
8  the "legal certainty test").  Under the legal certainty test, "the sum claimed by the plaintiff
9  controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the
10 claim really is for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury*
11 *Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).  Dismissal is warranted only if it is
12 "virtually impossible for a plaintiff to meet the amount-in-controversy requirement." *Pachinger*,
13 802 F.2d at 364.  The Ninth Circuit recognizes that the legal certainty test:

> makes it very difficult to dismiss a case on the grounds that it does not appear to satisfy the jurisdictional amount requirement. Only three situations clearly meet the legal certainty standard: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction.

19 *Id*. (quoting 14A Wright, Miller, & Cooper, *Fed. Prac. and Pro., Jurisdiction*, § 3702, at 48-50
20 (2d ed. 1985)).

21 **III.    Discussion**

22        **A.  The Court Rejects Defendant's Attempt to Confuse the Legal Standard**

23        The Court rejects Defendant's argument in its opening brief that Plaintiffs bear the burden
24 of proving by a preponderance of the evidence that the $75,000 amount in controversy is
25 satisfied.  (Doc. 118 p. 4).  As Plaintiffs note in their respective opposition briefs (Doc. 120 pp. 6-
26 7; Doc. 122 pp. 4-6), because they initially filed suit in federal court, the legal certainty test
27 applies, not a heightened standard generally applicable when the dispute arises in the context of
28 an action removed from state court. *Pachinger*, 802 F.2d at 364; *Geographic Expeditions*, 599

3

F.3d at 1106-07 (finding error to require plaintiff who originally filed an action in federal court to prove that the amount in controversy was satisfied by a preponderance of the evidence.). And courts within the Ninth Circuit applying the legal certainty test sensibly require the party challenging the jurisdictional minimum to satisfy the test. *E.g., Walker v. Nutribullet, L.L.C.*, No. 2:18-cv-00631-SVW-FFM, 2018 WL 5986985, at *4 (C.D. Cal. Mar. 22, 2018) ("Defendants have not offered any independent facts demonstrating to a legal certainty that Plaintiff Cintron cannot recover in excess of $75,000").

The Court also rejects Defendant's attempt in its reply briefs to rehabilitate its position concerning the governing legal standard. Notwithstanding the plain applicability here of the legal certainty test, in reply to Plaintiffs' oppositions, Defendant continues to rely on cases not involving that test – such as cases in the removal context (Doc. 124 p. 2-3, citing *Hertz Corp.*) or involving federal question jurisdiction (*id*. p. 3, citing *Thornhill Pub. Co.*, *Villarino*, and *Savage*) – to argue that Plaintiffs bear some burden of presenting extrinsic evidence to prove the amount of controversy is met. Thus, Defendant is incorrect to assert that "[t]he question presented is whether, on the record, the Court can determine if the case is one *likely to result* in a per plaintiff verdict of at least $75,000.01." (Doc. 123 p. 3); (Doc. 124 p. 4) (emphasis added). Defendant cites no authority for the purported "likely to result" standard. To the contrary, as plainly set forth by the Ninth Circuit: where the legal certainty test applies, "the district court must accept the amount in controversy claimed by the plaintiff unless it can declare to a legal certainty that the case is worth less." *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

With respect to the few cases Defendant cites applying the legal certainty test, the Court finds *Binns* (Doc. 123 p. 3) and *Turner* (Doc. 124 p. 2) unpersuasive: in those cases, the plaintiffs' allegations of meeting the $75,000 jurisdictional threshold were contradicted by a governing contract or otherwise supported only by "frivolous" allegations. *See Binns v. Am. Gen. Life*, No. 2:20-cv-1120-TLN-KJN PS, 2021 WL 2948821, at *2-3 (E.D. Cal. July 14, 2021), *F&R adopted*, 2021 WL 4896109 (Oct. 20, 2021), *aff'd*, 2023 WL 5125042 (9th Cir. Aug. 10, 2023) ("The maximum insurance benefit of $1,000 was clear on the face of the documents that Binns attached to his complaint, and his assertions to the contrary are plainly frivolous."); *Turner v.*

*AT&T*, No. 15-cv-02263-BAS(JLB), 2016 U.S. Dist. LEXIS 148382, at *4 (S.D. Cal. Oct. 26, 2016) ("Plaintiff's breach of contract claim arising out of a $45 monthly cell phone contract with AT&T could not sustain a judgment over the required $75,000 amount in controversy").  Here, no contract limiting Plaintiffs' recovery is at issue that would permit the Court to find by a legal certainty they could not recover damages above the jurisdictional threshold.

Nor does the Court find Defendant's reliance in its reply briefs to *Lil' Man in the Boat* (Doc. 123 p. 2; Doc. 124 pp. 3-4) compelling.  For the proposition that the party invoking federal jurisdiction "has the burden" to demonstrate satisfaction of the jurisdictional minimum with "summary-judgement type evidence," the district court in that case relied on two Ninth Circuit cases arising in the removal context.  *Lil' Man in the Boat, Inc. v. Auk Ta Shaa Discovery, LLC*, No. C16-1943JLR, 2017 WL 1498146, at *2 (W.D. Wash. Apr. 25, 2017).  In one of those cases (*Singer v. State Farm Mut. Auto. Ins. Co.*), the Ninth Circuit merely held that where the jurisdictional minimum is not facially apparent from the complaint, "the court *may* consider facts in the removal petition, and *may* require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." 116 F.3d 373, 377 (9th Cir. 1997) (emphasis added) (internal quotations omitted).  In the other case (*Sanchez v. Monumental Life Ins. Co.*), the Ninth Circuit reiterated the burden a removing defendant must meet to satisfy the amount in controversy.  102 F.3d 398, 404 (9th Cir. 1996).  None of this authority supports Defendant's attempt to avoid application of the legal certainty test.

**B. The Court Finds it is Not Legally Certain Plaintiffs Recover Less than $75,000**

Turning to the three scenarios the *Pachinger* court recognized as meeting the legal certainty standard (*supra*), because this case does not implicate a contract or measure of damages limited by rule or statute, only the third scenario potentially is applicable:  where "independent facts show that the amount of damages was claimed to merely obtain federal court jurisdiction." *Pachinger*, 802 F.2d at 364; *Walker*, 2018 WL 5986985, at *3.

Although the parties dispute whether and the extent to which the Court should or must consider extrinsic evidence in answering this question (*cf*. Doc. 118 pp. 5-6 *with* Doc. 122 pp. 4-5), the Court presumes it may (or should) consider materials in the record.  *See Stevens v. Lee,*

5

1  No. 2:22-cv-00529-DCN, 2024 WL 729960, at *3 (D. Idaho Feb. 22, 2024) ("In resolving a
2  factual attack on jurisdiction, the court need not presume the truthfulness of the plaintiff's
3  allegations and may review evidence outside of the complaint without converting the motion to
4  dismiss into a motion for summary judgment") (citing *Safe Air for Everyone v. Meyer*, 373 F.3d
5  1035, 1039 (9th Cir. 2004)); *Walker*, 2018 WL 5986985, at *3 (presuming the court may consider
6  discovery materials in applying legal certainty test).

In their respective opposition briefs, Plaintiffs do not appear to challenge Defendant's calculation of each individual plaintiff's economic damages (*e.g.*, medical and wage claims) based on discovery; thus, the Court accepts those calculations and restates them here:

| Austin | $8,559.37 |
| Erickson | $10,543.74 |
| Garofalo | $10,139.41 |
| Jackson | $6,461.00 |
| Kahlie | $4,108.57 |
| Mena | $18,973.56 |
| Paquettes | $13,402.15 |
| Sams | $4,291.80 |
| Sartori | $50,741.98 |
| Thompson | $50,741.98 |

Even assuming Defendant's calculations of each individual Plaintiff's economic damages are correct, given that all Plaintiffs seek additional forms of damages that are not subject to pre-calculation in a case such as this (including past and future pain and suffering, mental and physical discomfort, emotional distress, loss of enjoyment of life, diminishment in quality of life, and other similar damages), this Court is unable to find to a legal certainty that the amount in controversy would not be met. For instance, while Plaintiff Kahlie's economic damages are represented to be $4,108.57, he attests that, following his consumption of the allegedly

6

contaminated onion, he experienced nausea and "very bad bowel symptoms" for up to ten days afterwards, as well as fatigue and lesser such symptoms "for probably several months after that." (Doc. 120 p. 3) (citing Doc. 121-3).  He additionally testified that the lingering symptoms adversely affected his work performance and, thus, negatively impacted his commission rate. *Id.* The Court has considered additional evidence proffered by the parties reflecting other Plaintiffs experienced related symptoms and effects that implicate their possible entitlement to noneconomic and other special damages not amenable to pre-calculation. *See Walker*, 2018 WL 5986985, at *3 ("Plaintiffs' discovery responses do not present facts sufficient to demonstrate to a legal certainty that Plaintiffs made their claims for relief merely to obtain federal subject matter jurisdiction, nor that Plaintiffs are not entitled to relief valued above the jurisdictional minimum.") (internal quotation and citation omitted).

Counsel for Defendant argues that based on jury verdict information in California, plaintiffs who assert personal injury claims from the consumption of adulterated food lose approximately 56 percent of the time and have over an 80 percent chance to recover less than $75,000 after trial.  (Doc. 118 p. 6).  Nevertheless, the prospect that it is doubtful or even unlikely one or more Plaintiffs recover more than the jurisdictional minimum is not enough:  the Court must be persuaded that it is "virtually impossible for a plaintiff to meet the amount-in-controversy requirement." *Pachinger*, 802 F.2d at 364; *Geographic Expeditions*, 599 F.3d at 1108; *see, e.g.*, *Stevens*, 2024 WL 729960, at *4 ("a jury could certainly find Stevens suffered reputational injury, public contempt, embarrassment, and emotional distress. Although it is not guaranteed that a jury would award Stevens more than $75,000.00 to compensate him for such injuries, the Court cannot find to a 'legal certainty' that Stevens' damages are less than this amount"); *Gonzales v. Samgorodsky*, No. CV-00172-TUC-EJM, 2015 WL 9581870, at *3 (D. Ariz. Dec. 31, 2015) (applying legal certainty test in removal context; "if Plaintiff proves facts at trial supporting her claims for continuing pain, suffering, discomfort, mental anxiety, loss of income, and loss of enjoyment of life[ ], a jury could reasonably award her damages exceeding $75,000.00")

Moreover, while not dispositive of its "legal certainty" analysis, the Court takes note that counsel for the Garofalo Plaintiffs attests to having made good faith valuations of each Plaintiff's

7

claims to exceed the minimum amount in controversy required by 28 U.S.C. § 1332(a). (Doc. 122-1). Similarly, counsel for the Kahlie Plaintiffs submitted excerpts of depositions demonstrating each Plaintiff's good faith belief that they are entitled to pain and suffering damages, as well as a declaration from counsel, that based on his experience with foodborne illness claims, he has secured settlements for amounts greater than the special damages claimed in those cases. (Doc. 121). Although Defendant disputes the propriety and substance of these declarations (Doc. 123 pp. 2-3; Doc. 124 pp. 3-4), good faith attestations by a party or attorney that the matter in controversy exceeds the minimum jurisdictional limit properly may be considered by the Court. *See Farrell v. Verbero Sports, Inc.*, No. 21-CV-01610-GPC-MSB, 2022 WL 4092675, at *2 (S.D. Cal. Jan. 5, 2022); *K. Durant Enters., LLC v. Swanson Travel Professionals, Inc.*, No. CV 13-01534 MMM (AJWx), 2014 WL 545843, at *2 (C.D. Cal. Feb. 10, 2014).

## IV.     Conclusion and Order

In sum, even though the parties' filings and evidence before the Court casts some doubt on the ability of some Plaintiffs to recover more than $75,000, the Court concludes it is not legally certain Plaintiffs are unable to obtain relief in excess of the jurisdictional minimum.

Accordingly, for the foregoing reasons, Defendant's motion to dismiss (Doc. 113) is **DENIED**.

IT IS SO ORDERED.

Dated:     **April 25, 2024**                                              _____
                                                                                    UNITED STATES MAGISTRATE JUDGE